# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### November 6, 1998 Session

## RICKIE L. HEATHERLY, ET AL. v.
## MERRIMACK MUTUAL FIRE INSURANCE COMPANY, ET AL.

**Appeal from the Circuit Court for Sumner County**
**No. 16660-C     Thomas Goodall, Judge**

---

**No. M1998-00906-COA-R10-CV - Filed November 15, 2000**

---

This extraordinary appeal involves a dispute between two homeowners whose house was damaged by fire and the two insurance adjusting companies hired by the homeowners' insurance carrier to investigate their claim. Believing that their claim had been fraudulently processed, the homeowners filed suit in the Circuit Court for Sumner County against their insurance carrier and the two adjusting companies. The three defendants moved to dismiss the complaint as to the adjusting companies. After the trial court denied the motions and declined to grant an interlocutory appeal, the two adjusting companies petitioned for a Tenn. R. App. P. 10 extraordinary appeal. We granted the application and now reverse the trial court's denial of the motion to dismiss because the homeowners have conceded that they have no breach of contract claim against the adjusting companies and because we have concluded that the homeowners' claims are barred by the statute of limitations.

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Circuit Court Reversed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM B. CAIN, J., joined.

John O. Threadgill, Knoxville, Tennessee, and Parks T. Chastain, Nashville, Tennessee, for the appellants, Mutual Fire Insurance Association of New England, Inc.

David B. Scott, Nashville, Tennessee, for the appellant, The Professional Company Insurance Adjusters, Inc.

Joseph Y. Longmire, Hendersonville, Tennessee, for the appellees, Rickie L. Heatherly and Ronelle M. Heatherly.

### OPINION

On August 26, 1995, an accidental electrical fire caused extensive damage to a house in Hendersonville owned by Rickie and Ronelle Heatherly. The Heatherlys notified their homeowners insurance carrier, Merrimack Mutual Fire Insurance Company ("Merrimack") of the fire and later filed a timely claim for damages. Due to the damage to the house and its contents, the Heatherlys were forced to move into a rented apartment and even to rent furniture.

Merrimack did not employ its own adjusters in Nashville when it received the Heatherlys' claim. Instead, it hired two adjusting companies, Mutual Fire Insurance Company ("Mutual") and The Professional Company Insurance Adjuster, Inc. ("Professional") to investigate the Heatherlys' claim. Following the investigation, Merrimack offered to pay the Heatherlys $76,900.15 under "Coverage A" of their homeowners policy and submitted to the Heatherlys a completed proof of loss form prepared by Mutual for their signature.

The Heatherlys declined to accept Merrimack's settlement offer and, instead, provided Merrimack with a modified proof of loss form stating that their covered losses amounted to $88,551.19. Merrimack rejected the Heatherlys' claim on November 27, 1995, but tendered them $76,900.15, the amount it had originally offered in settlement of their Coverage A claim. Merrimack also requested the Heatherlys to fill out a proof of loss form for their claims under "Coverage C" of the policy. After they received the proof of loss form for their Coverage C claim, the Heatherlys retained counsel who promptly threatened to sue Merrimack, Mutual, and Professional if the Heatherlys' claims were not promptly settled. Eventually, Merrimack paid the Heatherlys the limits under each component of their homeowners policy, including $99,500 under Coverage A, $69,650 under Coverage C, and $15,373.52 under Coverage D.

On March 25, 1997, the Heatherlys filed suit against Merrimack, Mutual, and Professional in the Circuit Court for Sumner County, alleging breach of contract, negligence, and violation of the Tennessee Consumer Protection Act. They sought damages for, among other things, $27,502.10 in compensatory damages, the cost of debris removal, the twenty-five percent bad faith penalty under Tenn. Code Ann. § 56-7-105(a) (1994), treble damages, $1,000,000 in punitive damages, and attorney's fees. Merrimack, Mutual, and Professional filed a joint Tenn. R. Civ. P. 12.02(6) motion to dismiss the claims against Mutual and Professional. The trial court denied the motion and also denied the adjusting companies' separate motions for a Tenn. R. App. P. 9 interlocutory appeal. Thereafter, we granted Mutual's and Professional's petition for a Tenn. R. App. P. 10 extraordinary appeal.[1]

## I.
### THE SCOPE OF THIS EXTRAORDINARY APPEAL

As a threshold matter, we must determine which issues are properly before this court for decision. In their application for an extraordinary appeal, Mutual and Professional focused their argument on the trial court's refusal to deny their joint motion to dismiss the Heatherlys' contract claim. However, in their brief filed after this court granted the extraordinary appeal, Mutual and Professional have also taken issue with the trial court's denial of their motions to dismiss the Heatherlys' negligence and Tennessee Consumer Protection Act claims.

The scope of the issues raised on Tenn. R. App. P. 9 and 10 appeals differs from the scope of the issues that can be raised on appeals as of right under Tenn. R. App. P. 3. Subject to the limitations in Tenn. R. App. P. 3(e) and 13(b), both the appellant and the appellee have broad latitude with regard to the issues they can raise on a direct appeal. The same is not the case for

---

[1]Merrimack is not a party to this appeal.

interlocutory appeals under Tenn. R. App. P. 9 or extraordinary appeals under Tenn. R. App. P. 10. For interlocutory appeals, the only issues that can be raised are those certified in the trial court's order granting permission to seek an interlocutory appeal and in the appellate court's order granting the interlocutory appeal. *Tennessee Dep't of Mental Health & Mental Retardation v. Hughes*, 531 S.W.2d 299, 300 (Tenn. 1975); *Montcastle v. Baird*, 723 S.W.2d 119, 122 (Tenn. Ct. App. 1986); *Pass v. Shelby Aviation, Inc.*, No. W1999-00018-COA-R9-CV, 2000 WL 388775, at *6 (Tenn. Ct. App. Apr. 13, 2000) (No Tenn. R. App. P. 11 application filed). For extraordinary appeals, the issues are limited to those specified in this court's order granting the extraordinary appeal. *Gibson v. Prokell*, No. 02A01-9908-CH-00237, 1999 WL 1097848, at *1 (Tenn. Ct. App. Oct. 5, 1999) (No Tenn. R. App. P. 11 application filed).

The application for an extraordinary appeal filed by Mutual and Professional dealt exclusively with the trial court's refusal to dismiss the Heatherlys' breach of contract claim against them. However, in the statement of relief being sought, the two adjusting companies requested that this court "enter an opinion reversing the trial court's findings and dismissing the plaintiffs' causes of action against them on all counts." This court's order granting the extraordinary appeal did not specifically delineate the issues that would be addressed on appeal. Thereafter, Mutual and Professional filed a brief addressing not only the trial court's refusal to dismiss the breach of contract claim, but also the trial court's refusal to dismiss the negligence and Tennessee Consumer Protection Act claims. The Heatherlys did not object to the issues being raised by the adjusting companies and filed a brief responding to all these issues. We have determined that it is appropriate for this court to address all three issues briefed by Mutual and Professional because this court's order granting the interlocutory appeal did not set out the issues to be addressed and because the Heatherlys have filed a brief addressing these issues.

## II.
### THE TENN. R. CIV. P. 12.02(6) MOTION TO DISMISS

All three defendants filed a joint Tenn. R. Civ. P. 12.02(6) motion to dismiss the Heatherlys' claims against Mutual and Professional. They argued that the complaint failed to state a claim upon which relief could be granted because the Heatherlys, by their own admission, did not have a contract with either Mutual or Professional and because Mutual and Professional were acting as agents for a disclosed principal. Accordingly, they argued that there could be no claim for breach of contract or a claim under the Tennessee Consumer Protection Act. They also argued that the lack of a contract doomed the Heatherlys' negligence claim because there was no other law in Tennessee imposing a duty to insureds on adjusting companies retained by an insurance carrier.

The motion to dismiss did not assert any sort of statute of limitations defense. However, each defendant's answer to the complaint contained an affirmative defense based on the statute of limitations with regard to the Heatherlys' negligence and Tennessee Consumer Protection Act claims. Two of these answers had been filed by the time the trial court conducted the hearing on the joint motion to dismiss, but there is no indication in this record that the trial court addressed the statute of limitations questions in the context of its consideration of the motion to dismiss. Accordingly, we must limit the scope of the motion to dismiss to the grounds specifically contained in the motion.

The Heatherlys have conceded in their appellate brief that their complaint fails to state a breach-of-contract claim against Mutual and Professional because their contract was with Merrimack. Accordingly, we need not address the breach of contract claim further. However, the absence of a contract does not necessarily defeat the Heatherlys' negligence and Tennessee Consumer Protection Act claims against Mutual and Professional. Privity of contract is not required for consumer protection act claims, *see generally Maillet v. ATF-Davidson Co.*, 552 N.E.2d 236, 242 (Mass. 1990) (stating that "nonprivity plaintiffs can also maintain an action in a products liability case."); *Metropolitan Life Ins. Co. v. Haney*, 987 S.W.2d 236, 242 (Tex. App. 1999) (noting that "[t]he plaintiff, however, need not establish contractual privity with the defendant."), and contracts are not the sole source of duty in negligence cases.[2] However, we have determined that this case does not present an appropriate vehicle for determining whether insureds may maintain either negligence or Tennessee Consumer Protection Act claims against adjusting companies because the Heatherlys' claims, even if they had them, are clearly time-barred.

## III.
### THE HEATHERLYS' NEGLIGENCE AND CONSUMER PROTECTION ACT CLAIMS

Even though Mutual and Professional did not assert statute of limitations defenses in their motion to dismiss, they included them in their answers, and thereby, put the Heatherlys on notice that they were asserting that the negligence and Tennessee Consumer Protection Act claims were time-barred. Mutual and Professional included lengthy arguments supporting these defenses in their appellate brief. While the Heatherlys have argued that this court should not address the statute of limitations issue for procedural reasons, they have also briefed the statute of limitations issues.

As a general matter, appellate courts will decline to consider issues raised for the first time on appeal that were not raised and considered in the trial court. *Reid v. State*, 9 S.W.3d 788, 796 (Tenn. Ct. App. 1999). However, Tenn. R. App. P. 13(b)[3] and 36(a)[4] give appellate courts considerable discretion to consider issues that have not been properly presented in order to achieve fairness and justice. *Aaron v. Aaron*, 909 S.W.2d 408, 412 (Tenn. 1995). Taken together, these rules permit appellate courts to grant complete relief to the parties as long as they have been given fair notice and an opportunity to be heard on the dispositive issues. *Realty Shop, Inc. v. RR Westminster Holding, Inc.*, 7 S.W.3d 581, 608 (Tenn. Ct. App. 1999).

---

[2]In the context of negligence cases, "duty" connotes an obligation to act reasonably to protect another from an unreasonable risk of harm. *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). Determining whether a duty exists in the circumstances of a particular case is a question of law, *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000), that requires the court to determine whether the plaintiff has a legal interest which is entitled to protection at the hands of the defendant. *Bradshaw v. Daniel*, 854 S.W.2d 865, 869-70 (Tenn. 1993).

[3]Tenn. R. App. P. 13(b) states: "Review generally will extend only to those issues presented for review. The appellate court shall also consider whether the trial and appellate court[s] have jurisdiction over the subject matter, whether or not presented for review, and may in its discretion consider other issues in order, among other reasons: (1) to prevent needless litigation, (2) to prevent injury to the interests of the public, and (3) to prevent prejudice to the judicial process."

[4]Tenn. R. App. P. 36(a) states that the appellate courts "shall grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires and may grant any relief . . . provided, however, relief may not be granted in contravention of the province of the trier of fact."

Despite the inference in Mutual's and Professional's reply brief that the statute of limitations defense was presented to the trial court, the appellate record contains no basis upon which we can conclude that it was. Accordingly, we must conclude that it was not. However, this procedural shortcoming will not prevent us from addressing the statute of limitations issues on appeal for four reasons. First, both Mutual and Professional asserted statute of limitations defenses in their answers. Second, the appellate record, particularly the Heatherlys' complaint and the exhibits to Merrimack's opposition to motion to quash, provide the evidence needed to consider these motions. Third, Mutual, Professional, and the Heatherlys have already briefed the statute of limitations issues. Fourth, addressing the statute of limitations issues at this state of the proceeding will prevent further needless litigation in this case.[5]

Private Tennessee Consumer Protection Act claims and negligence claims must be filed within one year after the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(1) (Supp. 1999) (time limitations on actions for injuries to the person); Tenn. Code Ann. § 47-18-110 (1995) (limitations on private consumer protection actions). For both claims, the cause of action accrues when the action giving rise to the claim is discovered. Tenn. Code Ann. § 47-18-110 (stating that the running of the statute is triggered by "a person's discovery of the unlawful act or practice"); *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487, 491 (Tenn. 1975); *Teeters v. Currey*, 518 S.W.2d 512, 517 (Tenn. 1974). The Heatherlys filed their complaint against the adjusting companies on March 25, 1997. Accordingly, they must either have sustained or discovered their injuries within one year prior to March 25, 1997.

According to the Heatherlys' complaint, the defendants did not provide them with the forms needed to submit their claim even though almost two months had elapsed since the August 26, 1995 fire. Instead, on October 25, 1995, Merrimack provided them with an already completed proof of loss form supporting a $76,900.15 claim under Coverage A of their homeowners policy. The Heatherlys alleged in their complaint that this form had been completed by Mutual and that the information on the form was "false and fraudulent." The Heatherlys declined to sign this form but later submitted a corrected form claiming loses in the amount of $88,551.19 under Coverage A. They also demanded that Merrimack pay the benefits due them under their policy within sixty days.

At this juncture, and possibly at some time before, the Heatherlys retained a lawyer to represent them in their dealings with Merrimack. On November 27, 1995, Merrimack notified the Heatherlys in writing that it rejected their $88,551.19 claim. Three days later, on November 30, 1995, the Heatherlys' lawyer informed Merrimack in writing that he had been retained to represent the Heatherlys. He also informed Merrimack that there was no "valid basis" for rejecting the proof of loss and that Merrimack would be acting in bad faith if it did not pay the Heatherlys' claim within sixty days. While disclaiming a desire to play "hard ball," the Heatherlys' lawyer also informed

---

[5]If we were to decline to address the statute of limitations issues, the defendants would raise them as soon as the case was remanded. The trial court would then be required to address the question. No matter how the trial court ruled, one side or the other would be entitled to pursue a second appeal to this court. Taking up the issue at this juncture saves the parties and the courts the time and resources that would be consumed if all these steps were pursued.

Merrimack that his clients intended to seek statutory bad faith penalties and treble damages under the Tennessee Consumer Protection Act if their claims were not properly adjusted.

Based on the allegations in the Heatherlys' complaint and the undisputed facts in the record, no other conclusion can be drawn other than that the Heatherlys had discovered the alleged wrong-doing by Merrimack, Mutual, and Professional at least by November 1995. They had rejected what they refer to as Merrimack's "false and fraudulent" claim form and had retained a lawyer to represent them in their dealings with Merrimack. Their lawyer, acting on their behalf, informed Merrimack on November 30, 1995, that the company was acting wrongfully. Despite the threats by the Heatherlys' lawyer, Merrimack did not adjust the Heatherlys' claim within sixty days. On November 19, 1996, the Heatherlys' lawyer sent another letter to Merrimack threatening suit if the claim was not resolved. When Merrimack did not respond to their satisfaction, the Heatherlys filed suit on March 25, 1997.

The Heatherlys' causes of action against Merrimack, Mutual, and Professional accrued when they discovered or should reasonably have discovered their injuries and the cause thereof. *See Potts v. Celotex Corp.*, 796 S.W.2d 678, 680 (Tenn. 1990); *City State Bank v. Dean Witter Reynolds, Inc.*, 948 S.W.2d 729, 735 (Tenn. Ct. App. 1996). The allegations in the Heatherlys' complaint and their lawyer's November 30, 1995 letter leave little doubt that the Heatherlys believed that they had been injured because Merrimack had rejected their $88,551.19 claim under Coverage A and had delayed in providing them the forms needed to pursue their other claims. It is equally clear that the Heatherlys believed that Merrimack and its adjusters were the cause of their injuries. Even if we were to assume that the Heatherlys were not really "injured" until Merrimack declined to settle their Coverage A claim within sixty days of their lawyer's November 30, 1995 letter, they certainly knew that they had been injured by January 29, 1996, when Merrimack still had not settled their Coverage A claim to their satisfaction. These facts support only one conclusion – that the Heatherlys had discovered their causes of action against Mutual and Professional well in advance of March 25, 1997. Accordingly, the negligence and Tennessee Consumer Protection Act claims against Mutual and Professional in the Heatherlys' March 27, 1997 complaint were time-barred and were subject to being dismissed either on a Tenn. R. Civ. P. 12.02(6) or 56 motion.

## IV.

We reverse the trial court's order denying the motion to dismiss by Mutual Fire Insurance Association of New England, Inc. and The Professional Company Insurance Adjusters, Inc. and remand the case to the trial court for further proceedings consistent with this opinion. We tax the costs of this appeal jointly and severally to Rickie L. Heatherly and Ronelle M. Heatherly, for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE