IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 13, 2005 Session

## WILLIAM E. CASTLE v. STATE OF TENNESSEE, DEPARTMENT OF CORRECTION, ET AL.

Appeal from the Circuit Court for Morgan County
No. 6364C     Russell E. Simmons, Jr., Judge

 Filed September 27, 2005 

No. E2005-00874-COA-R3-CV

This is a personal injury lawsuit filed by William E. Castle ("Plaintiff"), an inmate at the Brushy Mountain Correctional Complex. As a trustee, Plaintiff was allowed to work as a carpenter for the defendant State of Tennessee, Department of Correction (the "State"). Rick Cox Construction Company was a contractor building an addition to the Batley Baptist Church, and Plaintiff and other inmates assisted with this construction. Plaintiff was injured when he fell from a scaffold while working at the Batley Baptist Church. Plaintiff bought this negligence claim against the State, Rick Cox Construction Company, and Batley Baptist Church. The Trial Court granted the State's motion to dismiss based on sovereign immunity. The Trial Court later granted motions for summary judgment filed by the remaining two defendants. Plaintiff appeals, and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the
Circuit Court Affirmed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and SHARON G. LEE, J., joined.

William E. Castle, *pro se* Appellant.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, and Pamela S. Lorch, Senior Counsel, Nashville, Tennessee, for the Appellee State of Tennessee, Department of Correction.

Steve Erdely, IV, Knoxville, Tennessee, for the Appellee Batley Baptist Church.

Charles F. Sterchi, III, and Joseph W. Ballard, Knoxville, Tennessee, for the Appellee Rick Cox Construction Company.

# OPINION

## Background

Plaintiff, an inmate at the Brushy Mountain Correctional Complex in Morgan County, Tennessee, is proceeding *pro se* and appeals the dismissal of his lawsuit against the State, Rick Cox Construction Company ("Rick Cox"), and Batley Baptist Church (collectively "Defendants"). According to the complaint, while an inmate at Brushy Mountain, Plaintiff was a trustee and worked as a carpenter for the State earning $68 to $72 per month. Plaintiff claims that while working as a carpenter in March of 2003, he was ordered to climb a scaffold at the Batley Baptist Church "where Rick Cox Construction was contracted to construct an addition to the church." Plaintiff alleges that Defendants knew or should have known that the scaffolding was in a dangerous or defective condition and wet due to rain. Plaintiff apparently slipped and fell several feet to the ground and landed on a concrete slab, resulting in what he claims were severe personal injuries. When Plaintiff filed the lawsuit, he was represented by attorney Cynthia Fields Davis ("Davis").

The State filed a motion to dismiss claiming the Morgan County Circuit Court was without subject matter jurisdiction over negligence claims brought against the State because of the State's sovereign immunity. In September of 2004, the Trial Court entered an Order granting the State's motion to dismiss "on the basis of sovereign immunity from suit and upon the concession of the [plaintiff's attorney] to said motion …."

In January of 2005, Batley Baptist Church filed its motion for summary judgment. This motion for summary judgment was based on the Church's claim that the scaffolding was brought to the construction site by the guards and prisoners from Brushy Mountain and the guards were in complete control of the scaffolding. Batley Baptist Church filed the affidavit of Pastor Luther Kidwell in support of its motion for summary judgment. A Notice of Hearing was filed informing all counsel of record that a hearing on this motion for summary judgment had been scheduled for March 16, 2005.

In February of 2005, Rick Cox filed its motion for summary judgment. According to this motion and supporting affidavit, the undisputed material facts showed Rick Cox did not owe a duty of care to Plaintiff. Rick Cox also claimed that Plaintiff was not its employee, that the scaffolding was brought to the construction site by the prisoners and guards, the scaffolding was erected by the prisoners, and Rick Cox had no involvement whatsoever with the use of the scaffolding from which Plaintiff fell. The affidavit of Allan R. "Rick" Cox was filed in support of this motion. A Notice of Hearing was filed informing all counsel of record that a hearing on this motion for summary judgment likewise had been scheduled for March 16, 2005.

The motions for summary judgment were heard on the scheduled date. Neither Davis nor anyone else appeared on Plaintiff's behalf. Following the hearing, the Trial Court granted both motions. After all three Defendants had been dismissed, Plaintiff sent a letter directly to the Trial Court Judge stating, in relevant part:

For some reason I keep getting notices about a hearing to grant summary judgment. On the Certificate of Service it shows Cynthia Fields Davis as being my attorney; this is incorrect. My attorney's name is Angela R. Morelock …. Since Ms. Fields Davis has left the case she probably should have filed notice with this very court showing Ms. Morelock as my new attorney. And likewise Ms. Morelock should have filed a notice of attendance with this court. I cannot believe that court was held on March 16, 2005 without notice to Ms. Morelock.

The Trial Judge responded to Plaintiff's letter. The Judge's response was sent to all counsel of record, which still included Davis. A copy of the response also was sent to Ms. Morelock even though she had never entered an appearance in the case.[1] In relevant part, the Judge's response stated:

On March 19, 2004, Cynthia Fields Davis, filed your complaint against the three defendants …. Upon proper motion being filed an order was entered September 28, 2004 dismissing the defendant, State of Tennessee. Upon motions being filed and notice being properly given a hearing was held on March 16, 2005, and based upon that hearing the defendant, Rick Cox Construction Company, was dismissed by order filed on March 23, 2005 and the defendant, Batley Baptist Church, was dismissed by order filed on April 6, 2005.

Attorney Cynthia Fields Davis has been your attorney of record during this entire time. There is no pleading filed in the court file by which Mrs. Davis asks for permission to withdraw, nor is there any pleading or document showing that Angela R. Morelock has entered an appearance as your attorney of record.

This should answer the questions raised by your letter …. Copies of your letter to me are forwarded to all attorneys of record in this case, and also to Attorney Angela R. Morelock who was mentioned in your letter.

Plaintiff appeals raising three issues, which we quote:

---

[1] Out of an abundance of caution, the Appellate Court Clerk's Office sent Ms. Morelock notice that Plaintiff had filed a notice of appeal. Ms. Morelock informed the Appellate Court Clerk that she did not represent Plaintiff either at the trial court level or on this appeal.

I.  Whether the Court allowed ex parte communications which prejudiced the plaintiff.

II.  Whether the Court had a conflict of interest which assisted the defendants in this cause.

III.  Whether Summary Judgment was obtained by fraud and in violation of the Tennessee Rules of Civil Procedure.

## **Discussion**

Because the first two issues raised by Plaintiff do not challenge the sufficiency of the proof with regard to the summary judgment motions or the State's motion to dismiss, we will review these two issues using the typical standard of review involving legal issues. Our review of legal issues is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

The first issue is Plaintiff's claim that the Trial Court allowed ex parte communications which were prejudicial to Plaintiff. Prior to the motions for summary judgment being filed, Plaintiff's attorney attempted to withdraw from the case but the Trial Court would not allow such withdrawal unless agreed to in writing by Plaintiff. Counsel obtained Plaintiff's signature on an order of withdrawal and the order allegedly was sent to the Trial Court, but it never was received. A couple of months later when the hearing on the motions for summary judgment was held, Davis did not appear on Plaintiff's behalf, presumably because she believed the order allowing her withdrawal from the case had been entered by the Trial Court. The Trial Court, on the other hand, had not received the order and as far as the Trial Court was concerned, and correctly so, Davis was still Plaintiff's attorney of record. In any event, Plaintiff argues that because he was or believed he was unrepresented at the time of the hearing and no one was present on his behalf, the motions "could not have been granted without ex parte communication between the trial court and these two defendants." In making this argument, Plaintiff relies on Rule 10, Canon 3(B)(7) of the Code of Judicial Conduct which states, in relevant part, as follows:

> A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding ….

Looking at matters from the Trial Court's perspective: (1) there were two properly supported motions for summary judgment that had been filed; (2) Plaintiff's counsel had received notices stating when the motions would be heard by the Trial Court; (3) Plaintiff had time to respond

to the motions because they were served "at least thirty (30) days before the time fixed for the hearing," as required by Tenn. R. Civ. P. 56.04; (4) at the time of the hearing, Davis was still Plaintiff's attorney of record; and (5) no responses had been filed to the motions for summary judgment. Based on these facts, we do not believe the Trial Court in any way ran afoul of the Code of Judicial Conduct by allowing the hearing to proceed. *Cf. Moore v. Moore*, No. 01-A-01-9210-CH-00389, 1993 Tenn. App. LEXIS 175, at **12, 13 (Tenn. Ct. App. Mar. 3, 1993) (Interpreting a previous version of the Code of Judicial Conduct and stating "[i]n the context of the cited rule, ex parte means without adequate notice to all parties and opportunity of all parties to respond.").

The next issue is Plaintiff's claim that the Trial Judge had a conflict of interest and should have recused himself from the case. According to Plaintiff, the "first conflict of interest relates to Rick Cox Construction Company, Inc. in that they did some work on the Morgan County Courthouse. The second conflict of interest involves the Tennessee Department of Correction in that they provide free labor for both Rick Cox Construction Company, Inc. and the Morgan County Courthouse."

While we seriously doubt whether the foregoing would create a conflict of interest, much less one warranting recusal, we need not decide this issue because there is nothing in the record indicating that Plaintiff raised this as an issue below or otherwise brought the alleged conflict to the Trial Court's attention. We will consider this issue waived because it was raised for the first time on appeal. *See Wright v. Pate*, 117 S.W.3d 774, 777 (Tenn. Ct. App. 2002)("This Court has held that motions to recuse 'must be filed promptly after the facts forming the basis for the motion become known ... and the failure to seek recusal in a timely manner results in a waiver of a party's right to question a judge's impartiality.'")(quoting *Davis v. Dept. of Employment Security*, 23 S.W.3d 304, 313 (Tenn. Ct. App. 1999)); *See generally Heatherly v. Merrimack Mutual Fire Ins. Co.*, 43 S.W.3d 911, 916 (Tenn. Ct. App. 2000) ("As a general matter, appellate courts will decline to consider issues raised for the first time on appeal that were not raised and considered in the trial court.").

Plaintiff's third issue is his claim that Defendants Rick Cox and Batley Baptist Church obtained summary judgment "by fraud." According to Plaintiff, because he was no longer represented after he signed the order allowing his attorney to withdraw, "[a]t that point any representation by Attorney Davis on behalf of the plaintiff would have constituted fraud." Plaintiff further claims that the Trial Court, Rick Cox, and Batley Baptist Church knew he was unrepresented, and to "obtain Summary Judgment as a result of ex parte communications and/or without proper representation is a fraud." Once again, we emphasize that no order had been entered allowing Davis to withdraw from the case and because Plaintiff still had an attorney of record, this argument is without merit.[2]

---

[2] Plaintiff also argues that this alleged fraud entitles him to relief under Tenn. R. Civ. P. 60.02. Like the conflict of interest issue, this issue never was raised at the trial court level and is deemed waived. Even if it was not waived, having found no fraud, Plaintiff would not be entitled to relief under Rule 60.02 on this basis.

Plaintiff filed two reply briefs in this appeal. In both reply briefs, Plaintiff raises altogether new issues not addressed in his initial brief or in Defendants' briefs. We will not consider an issue raised for the first time in a reply brief as an issue that has been raised properly on appeal. The reason for this is simple: to allow appellants to use such a procedure would leave appellees with no opportunity to file any response to such new issues. Having said that, in one of the reply briefs Plaintiff does challenge the propriety of the grant of summary judgment to Rick Cox and Batley Baptist Church, and because this issue was touched upon in Plaintiff's original brief, we will now examine this issue in more detail.

In *Blair v. West Town Mall*, our Supreme Court recently reiterated the standards applicable when appellate courts are reviewing a motion for summary judgment. *Blair v. West Town Mall*, 130 S.W.3d 761 (Tenn. 2004). In *Blair*, the Court stated:

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tennessee Rule of Civil Procedure 56 have been met. *See Staples v. CBL & Assoc., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: 1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, and 2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *Staples*, 15 S.W.3d at 88.

> * * *

> When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact.

> To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment

-6-

must fail. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

*Blair*, 130 S.W.3d at 763-64, 767 (quoting *Staples*, 15 S.W.3d at 88-89).

Our Supreme Court also has provided instruction regarding assessing the evidence when dealing with a motion for summary judgment, stating:

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000).

The motions for summary judgment filed by Rick Cox and Batley Baptist Church were properly supported. Therefore, the burden shifted to Plaintiff to set forth facts establishing the existence of disputed, material facts. Plaintiff did not meet this burden given that absolutely no responses were filed. With Plaintiff having failed to establish the existence of a disputed material fact, the Trial Court properly granted summary judgment to Rick Cox and Batley Baptist Church as each entity was entitled to a judgment as a matter of law given the undisputed material facts.

Another issue not set out in Plaintiff's statement of the issues but touched upon in his initial brief surrounds the granting of the State's motion to dismiss based on sovereign immunity. Our standard of review as to the granting of a motion to dismiss is set out in *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714 (Tenn. 1997). In *Stein*, our Supreme Court explained:

A Rule 12.02(6), Tenn. R. Civ. P., motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it

-7-

appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). In considering this appeal from the trial court's grant of the defendant's motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower court's legal conclusions *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d); *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996); *Cook, supra*.

*Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).

Plaintiff essentially claims that this is not an appropriate a case to apply the doctrine of sovereign immunity because to do so would result in an unfair result. Not surprisingly, Plaintiff cites us to no cases which support this position. Sovereign immunity of the State cannot be waived at the discretion of this Court. At the time of the hearing on the State's motion to dismiss, Plaintiff was represented by counsel who conceded that the State was immune and that this action was pending in the wrong forum. We, therefore, affirm the Trial Court's granting of the State's motion to dismiss.

The last matter that must be addressed is Plaintiff's motion to consider post-judgment facts contained in the middle of one of his reply briefs. In relevant part, Tenn. R. App. P. 14(a) provides that on motion, we may "consider facts concerning the action that occurred after judgment. Consideration of such facts lies in the discretion of the appellate court." Because the underlying "facts" which Plaintiff asks us to consider did not occur after the judgment, and in the exercise of our discretion, Plaintiff's motion is denied.

## **Conclusion**

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. Costs on appeal are assessed against the Appellant William E. Castle.

_____
D. MICHAEL SWINEY, JUDGE