IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 16, 2005 Session

## CITY-COUNTY FEDERAL CREDIT UNION v.
## SUZANNE E. LINBOE

**Appeal from the Circuit Court for Monroe County**
**No. V04389P      Lawrence H. Puckett, Judge**

**Filed September 27, 2005**

**No. E2005-00577-COA-R3-CV**

City-County Federal Credit Union ("Plaintiff") filed suit in the General Sessions Court seeking over $12,000 it claimed was owed on a VISA credit card it had issued to Suzanne E. Linboe ("Defendant"). After Plaintiff was awarded a judgment by the General Sessions Court, Defendant appealed to the Circuit Court. Defendant filed a motion to dismiss and Plaintiff filed a motion for summary judgment. The Circuit Court denied Defendant's motion to dismiss and granted Plaintiff's motion for summary judgment, awarding Plaintiff a judgment for $15,323.10. Defendant appeals, and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the**
**Circuit Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and SHARON G. LEE, JJ., joined.

Suzanne E. Linboe, *pro se* Appellant.

Chadwick B. Tindell, Knoxville, Tennessee, for the Appellee City-County Federal Credit Union.

# OPINION

## Background

Plaintiff initially filed this lawsuit in the Monroe County General Sessions Court seeking over $12,000, which it claimed was owed and past due on a VISA credit card issued to Defendant. Plaintiff also sought interest, costs, and attorney fees. After a trial, the General Sessions Court awarded Plaintiff a judgment in the amount of $14,639.29. Defendant, who has proceeded *pro se* throughout this litigation, filed a timely appeal to the Monroe County Circuit Court. Once in Circuit Court, Plaintiff filed a motion for summary judgment supported by the affidavit of Ramona Boisvert ("Boisvert"), who is employed by Plaintiff as a collections assistant. According to Boisvert: (1) Defendant and her now deceased husband applied for a credit card in 1988; (2) Plaintiff issued Defendant and her husband a credit card at that time; (3) Defendant has defaulted on the payments; (4) the amount currently owed was $12,201.37; and (5) the VISA credit card agreement provides for interest at the rate of 13.92% plus attorney fees in the event of default. Attached to Boisvert's affidavit was the credit card application, the credit card agreement, and copies of all account statements showing the outstanding balance on Defendant's account.

Defendant never filed a response to Plaintiff's motion for summary judgment. However, Defendant did file a motion to dismiss which stated:

> COMES, the defendant, Sue E. Linboe, and, pursuant to violation of United States Code 18 section 891-894, and further in light of Federal Code 15-692 I to B, hereby moves the court for dismissal. And in support of this Motion show that Stone & Hinds, P.C. a third party, has repeatedly refused to provide information proving ownership, and Sue E. Linboe is entitled to judgment for dismissal as a matter of law.

Plaintiff responded to Defendant's motion to dismiss, noting that Defendant cited to the Small Business Administration, Small Business Investment Program, which has absolutely no applicability to this case. With regard to the citation to the Consumer Credit Protection Act, 18 U.S.C. §§ 891-894, Plaintiff noted it was unclear exactly what Defendant was referring to when stating "Stone & Hinds, P.C. a third party, has repeatedly refused to provide information proving ownership", but Plaintiff nevertheless claimed it had provided Defendant with all information required under the law, including "a copy of Defendant's VISA Credit Card Application, VISA Credit Card Agreement and all account statements supporting the balance owed as alleged in this case."

On February 18, 2005, both motions were heard by the Circuit Court. The Circuit Court denied Defendant's motion to dismiss. Plaintiff's motion for summary judgment was granted after the Circuit Court determined that Plaintiff had filed a properly supported motion for summary judgment and Defendant had filed no response. A judgment was rendered in favor of Plaintiff for $15,323.10.

Defendant appeals.  As best we can tell from the Statement of Issues contained in Defendant's brief, she claims to have requested copies of an "affidavit of assignment, power of attorney, and verification of license" from Plaintiff and/or their attorney, but this information allegedly never was provided.  Defendant claims not providing this information is a violation of the: "Uniform Deceptive Trade Practices Law, Uniform Commercial Code, … Code of Federal Regulations, Federal Deposit Insurance Act, … Fair Debt Collection Practices Act, Freedom of Information Act, [and the] Truth in Lending Act."

## Discussion

We first address the Circuit Court's denial of Defendant's motion to dismiss.  The only statute referenced by Defendant in her motion to dismiss which could have any possible bearing on this lawsuit is the federal Consumer Credit Protection Act.  Defendant claims this Act was violated when she was not provided certain requested information.  However, Defendant offered absolutely no proof to the Circuit Court even remotely establishing that she actually requested any information or that this information never was provided.  The record contains nothing more than Defendant's unsubstantiated and bare allegations.  At oral argument before this Court, Defendant referred to various documents which are not in the record on appeal and, therefore, cannot be considered in resolving this appeal.  Because the record is utterly devoid of any competent proof that Defendant actually requested information or that this information never was provided, we affirm the Circuit Court's denial of Defendant's motion to dismiss.[1]

With regard to the remaining federal statutes which Defendant claims were violated, these statutes never were mentioned or made an issue at either the General Sessions or Circuit Court levels.  We will consider these issues waived because they were raised for the first time on appeal. *See In re: Adoption of D.P.M.*, 90 S.W.3d 263, 267 (Tenn. Ct. App. 2002); *Heatherly v. Merrimack Mutual Fire Ins. Co.*, 43 S.W.3d 911, 916 (Tenn. Ct. App. 2000) ("As a general matter, appellate courts will decline to consider issues raised for the first time on appeal that were not raised and considered in the trial court.").

Although Defendant does not expressly raise as an issue the propriety of the grant of summary judgment to Plaintiff, since Defendant is proceeding *pro se* and giving Defendant the benefit of every doubt, we nevertheless will examine this issue.  In *Blair v. West Town Mall*, our Supreme Court recently reiterated the standards applicable when appellate courts are reviewing a motion for summary judgment.  *Blair v. West Town Mall*, 130 S.W.3d 761 (Tenn. 2004).  In *Blair*, the Court stated:

> The standards governing an appellate court's review of a motion for summary judgment are well settled.  Since our inquiry involves purely a question of law, no presumption of correctness

---

[1] We need not and expressly do not decide whether Plaintiff's alleged failure to provide the information states a cause of action under the Consumer Protection Credit Act or any of the other federal statutes cited by Defendant.

attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tennessee Rule of Civil Procedure 56 have been met. *See Staples v. CBL & Assoc., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: 1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, and 2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *Staples*, 15 S.W.3d at 88.

* * *

When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

*Blair*, 130 S.W.3d at 763-64, 767 (quoting *Staples*, 15 S.W.3d at 88-89).

The motion for summary judgment filed by Plaintiff was properly supported. Therefore, the burden shifted to Defendant to set forth facts establishing the existence of disputed, material facts. Defendant did not meet this burden given that absolutely no response was filed. Defendant having failed to establish the existence of a disputed material fact, the Circuit Court properly granted summary judgment to Plaintiff as Plaintiff was entitled to a judgment as a matter of law given the undisputed material facts.

## Conclusion

The judgment of the Circuit Court is affirmed, and this cause is remanded to the Circuit Court for collection of the costs below. Costs on appeal are assessed against the Appellant Suzanne E. Linboe and her surety, if any.

_____
D. MICHAEL SWINEY, JUDGE