IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 20, 2006 Session

## IN RE: THE ADOPTION OF A MALE CHILD, D.P.E.

Appeal from the Chancery Court for Knox County
No. 161575     John F. Weaver, Chancellor

_____

No. E2005-02865-COA-R3-PT - FILED AUGUST 22, 2006

_____

This is a parental termination case. Before trial, the trial court inquired if the parties wanted a guardian ad litem appointed to represent the interests of the minor child. The parties indicated that no guardian ad litem was needed. After a contested hearing, the trial court terminated the parental rights of both parents. The sole issue we address in this appeal is whether the trial court was required to appoint a guardian ad litem for the child when the parties did not request the appointment of one. After careful review, it is our determination that because this was a contested parental termination proceeding, the trial court was required to appoint a guardian ad litem for the minor child pursuant to Tenn. S. Ct. R. 13 §1(d)2(D). This was not a matter that could be waived by the parties. Therefore, we  vacate the judgment of the trial court and remand for appointment of a guardian ad litem and a trial on the merits.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Cause Remanded**


SHARON G. LEE, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Charles Buford Dungan, Maryville, Tennessee, for the appellant, M.L.P.E.

Paul G. Summers, Attorney General and Reporter, and Douglas Earl Dimond, Senior Counsel, General Civil Division, Nashville, Tennessee, for the Appellee, State of Tennessee, Department of Children's Services.

Theodore Kern, Knoxville, Tennessee, for the appellees, Ronald (Dale) Smith and Sheila Smith.

**OPINION**

*I. Factual and Procedural Background*

A little over one month after D.P.E.'s birth on November 15, 2003, the State of Tennessee, Department of Children's Services ("DCS") removed him from the custody of his biological parents, M.L.P.E. ("Mother") and J.P.E. ( "Father"). The removal was because the Knox County Juvenile Court had entered a decree on January 23, 2002, finding by clear and convincing evidence that Father had committed severe child abuse by use of force against D.P.E.'s sibling and that Mother had committed severe child abuse "by her gross failure to protect the child."

Later, the juvenile court entered an order finding D.P.E. to be dependent and neglected and placing him in the temporary custody of DCS. In June of 2003, he was placed in the foster care of Ronald and Sheila Smith, and a year later, the Smiths filed a petition in the Knox County Chancery Court to terminate the parental rights of Mother and Father. The petition was contested by Mother, Father, and DCS. Prior to trial, all parties agreed that the appointment of a guardian ad litem on behalf of D.P.E. was not necessary, and none was appointed.

At trial, Mother and Father conceded that the juvenile court's finding of severe child abuse by them against D.P.E.'s sibling was *res judicata* and, accordingly, it was not disputed that grounds existed for termination of their parental rights pursuant to T.C.A. §36-1-113(g)(4).[1] Mother and Father[2] did, however, dispute that termination of parental rights was in D.P.E.'s best interest, and the case was tried upon that issue. At the conclusion of trial, the trial court terminated Mother and Father's parental rights upon finding, by clear and convincing evidence, that statutory grounds existed for termination and that termination was in the best interest of D.P.E. Mother and DCS now appeal.

*II. Issue Presented*

Mother and DCS argue on appeal that it was not shown by clear and convincing evidence that termination was in the child's best interest and therefore the trial court's decision to terminate Mother's parental rights was in error. DCS asserts the additional ground that the trial court erred by not appointing a guardian ad litem for the minor child. The sole issue we address is the issue raised by DCS – whether the trial court erred in not appointing a guardian ad litem for the child.

---

[1]T.C.A. §36-1-113(g)(4) provides that initiation of termination of parental rights may be based upon the ground that "[t]he parent or guardian has been found to have committed severe child abuse as defined in § 37-1-102, under any prior order of a court or is found by the court hearing the petition to terminate parental rights or the petition for adoption to have committed severe child abuse against the child who is the subject of the petition or against any sibling or half-sibling of such child, or any other child residing temporarily or permanently in the home of such parent or guardian."

[2]Father withdrew his opposition to the petition during trial.

### III.  Necessity of Appointment of a Guardian Ad Litem

The trial court's decision not to appoint a guardian ad litem in this case was a conclusion of law and is reviewed *de novo* with no presumption of correctness.  *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn. 1996);  *Presley v. Bennett*, 860 S.W.2d 857, 859 (Tenn. 1993).

Before we address the merits of the issue, we must address two procedural issues raised by the Smiths.  First, they contend that we lack jurisdiction over this issue because DCS failed to file a notice of appeal in this case, and therefore we should limit our review to those issues properly raised by Mother in her notice of appeal and in her brief.  Mother was the only party to file a notice of appeal and she did not raise the guardian ad litem issue.  DCS did not file a notice of appeal, but did file an appellant brief raising the issue.  In *Torrence  v. Higgins Family Limited Partnership*, we recently stated that "the timely filing of a notice of appeal, by *any* party involved in the trial court litigation, vests the Court of Appeals with jurisdiction to hear and resolve all issues thereafter raised, not only the issues raised by the party filing the notice of appeal but also the issues raised by any other party aggrieved by some action of the trial court."  No. E2005-1549-COA-R3-CV, 2006 WL 1132080 at *6 (Tenn. Ct. App. Apr. 28, 2006) (citing Tenn. R. App. P. 13(a))(emphasis in original).  Therefore, we may consider the guardian ad litem issue raised by DCS in this appeal.

Second, the Smiths argue that since DCS failed to raise this issue in the trial court, they should not be allowed to argue their position for the first time on appeal. Tenn. R. App. P. 36 provides that we are not required to grant relief to a party responsible for an error or who "failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." However, as we noted in *Heatherly v. Merrimack Mut. Fire Ins. Co.,* 43 S.W.3d 911, 916 (Tenn. Ct. App. 2000), "Tenn. R. App. P. 13(b) and 36(a) give appellate courts considerable discretion to consider issues that have not been properly presented in order to achieve fairness  and justice."  It is unfortunate and regrettable that DCS did not raise this issue in the trial court. Nevertheless, because the primary concern in this case is the best interest of the child, fairness and justice dictate that we address the issue of whether the trial court erred in failing to appoint a guardian ad litem for D.P.E.  Justice and fairness trump judicial economy.  Therefore, we will address the guardian ad litem issue, despite the parties' failure to raise it in the trial court.

The Tennessee Supreme Court recognized the essential role of a guardian ad litem in a parental termination case when it promulgated Tenn. S. Ct. R. 13 § 1(d)2(D), which makes the appointment of a guardian ad litem  mandatory in a proceeding to terminate parental rights. The Rule provides: "The court *shall* appoint a guardian ad litem for the child, unless the termination is uncontested.  The child who is or may be the subject of proceedings to terminate parental rights shall not be required to request the appointment of counsel."  *Id.* (emphasis added).  *See also In re T.B.L.,* No. M2005-02413-COA-R3-PT, 2006 WL 1521122, at *2 (Tenn. Ct. App. M.S., June 2,  2006) (chancery court had statutory obligation to appoint a guardian ad litem where petition to terminate parental rights was contested, even in the absence of a request for such appointment).

In a termination of parental rights case, the guardian ad litem's role is to advocate for the best interests of the child. The guardian ad litem functions independently of other parties to the proceedings in recognition of the possibility that the child's best interests may not coincide with the interests of all other parties. It is the general duty of the guardian ad litem to undertake any and all legally sanctioned actions consistent with insuring that the child's best interests are protected. In fulfilling this duty, the guardian ad litem must, among other things, interview the other parties and witnesses, review pertinent records, and file and respond to pleadings on the child's behalf. The importance and necessity of a guardian ad litem in a termination case was made clear by the Tennessee Supreme Court in Tenn. S. Ct. R. 13 § 1(d)2(D).

Accordingly, it is our determination that the trial court erred in failing to appoint a guardian ad litem for D.P.E. in this case, despite the parties' statements to the trial court that a guardian ad litem was not necessary. Given the important function served by the guardian ad litem, his or her involvement may well have altered the outcome of this case and therefore, we do not deem the failure to appoint a guardian ad litem to be harmless error. Nor do we deem such appointment to be a matter subject to waiver by other parties to the proceedings because the guardian ad litem represents none of these other parties, but only the child. The child's best interest is the focus of these proceedings and without a guardian ad litem, the child has no voice.

In light of our ruling in this case, we need not address the remaining issue as to whether the trial court erred in determining that termination was in the best interests of the child.

For the foregoing reasons, the judgment of the trial court is vacated, and the case is remanded for the appointment of a guardian ad litem on behalf of D.P.E. and for a trial on the merits. Exercising our discretion, we assess the costs of appeal equally against the parties, Ronald (Dale) Smith and Sheila Smith, M.L.P.E., and the State of Tennessee, Department of Children's Services.

---

SHARON G. LEE, JUDGE