IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 24, 2018

**LARRY WADE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Hamilton County**
**No. 288261       Thomas C. Greenholtz, Judge**

**No. E2015-02177-CCA-R3-PC**

NORMA MCGEE OGLE, J., concurring in part and dissenting in part.

I join the majority in affirming the post-conviction court's denial of the petitioner's petition for post-conviction relief. However, I write separately to dissent from the majority's holding that a hearing on a motion to withdraw a guilty plea, which a defendant files after sentencing but before the judgment becomes final, does not constitute a "critical stage" of the proceedings and, therefore, does not provide the constitutional right to the effective assistance of counsel.

This issue is not properly before us. The petitioner was represented by motion counsel at the hearing on his motion to withdraw his guilty plea. After this court affirmed the trial court's denial of the motion to withdraw the plea, the petitioner petitioned for post-conviction relief on the basis that motion counsel was ineffective. He raises that same issue on appeal. He does not contend that the hearing on the motion to withdraw his plea was a "critical stage" of the proceedings, thus requiring the effective assistance of counsel. The State also does not raise the issue. See Tenn. R. App. P. 13(b) (providing that "[r]eview generally will extend only to those issues presented for review" but that this court "may in its discretion consider other issues in order, among other reasons:  (1) to prevent needless litigation, (2) to prevent injury to the interests of the public, and (3) to prevent prejudice to the judicial process").

This court has addressed a petitioner's post-conviction claim that he received the ineffective assistance of counsel when trial counsel failed to file a post-sentencing motion to withdraw a guilty plea and held that while counsel was deficient, the petitioner failed to demonstrate prejudice. Devin Camp v. State, No. E2012-00198-CCA-R3-PC, 2013 WL 3103974, at *19-20 (Tenn. Crim. App. at Knoxville, Jun. 17, 2013). Holding that a post-sentencing hearing on a motion to withdraw a guilty plea is not a critical stage of the

proceedings and, therefore, that a defendant is not entitled to counsel at that hearing, is extremely detrimental to defendants who must satisfy the extremely high burden of demonstrating manifest necessity in order to withdraw a plea. To announce such a holding in a post-conviction case, in which the issue has not been raised or thoroughly briefed by the parties, is not one in which I am willing to partake. See In re Kaliyah S., 455 S.W.3d 533, 540 (Tenn. 2015) (stating that although an issue has not been properly presented for review, Tennessee Rules of Appellate Procedure 13(b) and 36(a), "[t]aken together, . . . permit appellate courts to grant complete relief to the parties as long as they have been given fair notice and an opportunity to be heard on the dispositive issues'") (quoting Heatherly v. Merrimack Mut. Fire Ins. Co., 43 S.W.3d 911, 916 (Tenn. Ct. App. 2000)).

Accordingly, while I agree with the majority's conclusion that the petitioner failed to show prejudice with regard to his ineffective assistance of counsel claims, I dissent from the majority's holding that a defendant is not entitled to the effective assistance of counsel, or any counsel for that matter, at a hearing on a post-sentencing motion to withdraw a guilty plea.

_____
NORMA McGEE OGLE, JUDGE