IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 3, 2019

## IN RE ALIYAH C.

**Appeal from the Chancery Court for Bradley County**
**No. 2017-CV-113    Jerri S. Bryant, Chancellor**

_____

**No. E2019-00038-COA-R3-PT**

_____

This appeal involves the termination of a mother's parental rights to her daughter.  The trial court found by clear and convincing evidence that grounds for termination were proven and that it was in the best interest of the child to terminate parental rights.  Mother appeals but only challenges whether the judgment is valid if the guardian ad litem was not present for the termination hearing. After careful review, we conclude that the presence of the guardian ad litem could not be waived by the other parties at the trial on the merits.  Therefore, we vacate the judgment of the trial court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Vacated and Remanded**

CARMA D. MCGEE, J., delivered the opinion of the Court, in which RICHARD H. DINKINS and JOHN W. MCCLARTY, JJ., joined.

Sheridan C.F. Randolph, Cleveland, Tennessee, for the appellant, Heather O.

Samuel Francis Robinson, Chattanooga, Tennessee, for the appellees, Saron and James K.

## OPINION

### I.   FACTS & PROCEDURAL HISTORY

Aliyah C.[1] was born in 2011 to unmarried parents, Heather O. ("Mother") and

---

[1] It is the policy of this Court to use only the first name and last initial (and, in some cases, just the initials) of the parties in cases involving the termination of parental rights.

Jeremiah C. ("Father"). In July 2016, the trial court entered an order granting Saron K. ("Aunt") custody of Aliyah.

Nine months later, on April 26, 2017, Aunt and her husband, James K. ("Uncle"), filed a petition for termination of parental rights and for adoption. Father joined the amended petition as a petitioner and executed a separate document consenting to the adoption. Mother, who was incarcerated, filed a response in which she contested the termination of her parental rights.

On December 13, 2017, an order was entered appointing an attorney to represent Mother and a guardian ad litem for Aliyah.

The trial court held a hearing on November 20, 2018. Mother, who was still incarcerated, participated in the hearing by cell phone. At the beginning of the trial, the judge explained the proceedings and named the attorneys whom she believed were the attorneys of record, including the guardian ad litem. The named attorneys did not confirm or deny their involvement in the case. After direct examination of the first witness, the attorney for Aunt and Uncle informed the court that the guardian ad litem was not present. He believed that she was on maternity leave.[2]

The trial court allowed the attorneys to speak with their clients to determine if they wished to proceed with the hearing. After a series of questions, Mother consented on the record to proceeding without the presence of the guardian ad litem. The attorney for Aunt and Uncle asserted that they had full decision-making authority in Aliyah's life and did not object to proceeding with the trial.[3] The court allowed the trial to proceed, warning the attorneys that proceeding without the guardian ad litem might be "reversible error."

At the conclusion of the trial, the court terminated Mother's parental rights upon finding, by clear and convincing evidence, that statutory grounds existed for termination and that termination was in the best interest of Aliyah. Mother appealed.

## II. ISSUES PRESENTED

Mother presents the following issues for review on appeal, which we quote from her appellate brief:

---

[2] The final decree of termination of parental rights and adoption states that the guardian ad litem was not present because she was on maternity leave.

[3] The juvenile court order granting Aunt custody of Aliyah states that Aunt "shall have all parental authority" in regard to Aliyah.

1. If a termination of parental rights proceeding is contested, the rules require appointment of a guardian ad litem. Otherwise, such a judgment would likely be void. Parties cannot waive this requirement. If a guardian ad litem is appointed, but is not present for and does not participate in the termination trial, is the judgment valid?

2. Lack of a participating guardian ad litem deprived mother and child of critical perspective regarding presentation of evidence for the best interest of the child, undermining the clear and convincing standard. Can the best interest of a child be determined at such a heightened standard without the participation of a guardian ad litem?

For the following reasons, the decision of the chancery court is vacated and remanded.

## III. DISCUSSION

Prior to addressing the merits of the issues raised by Mother, our analysis must begin with the procedural argument presented by Aunt and Uncle. They contend Mother has waived the issues because she failed to take action to prevent the error at the trial court. Aunt and Uncle are correct in that issues not raised at trial are generally considered waived on appeal. *See Lawrence v. Stanford*, 655 S.W. 2d 927, 929 (Tenn. 1983) ("It has long been the general rule that questions not raised in the trial court will not be entertained on appeal.")

Further, Rule 36 of the Tennessee Rules of Appellate Procedure states that we are not required to grant relief to a party responsible for an error or who "failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." However, there is an exception to this general rule as noted in *Heatherly v. Merrimack Mut. Fire Ins. Co.*, 43 S.W. 3d 911, 916 (Tenn. Ct. App. 2000). "Tenn. R. App. P. 13(b) and 36(a) give appellate courts considerable discretion to consider issues that have not been properly presented in order to achieve fairness and justice." *Id.*

In a case involving the absence of a guardian ad litem in a contested termination hearing, we held that fairness and justice trumped concerns about judicial economy and would dictate that we address issues regarding the absence of a guardian ad litem despite the parties' failure to raise the issue in the trial court. *In re Adoption of D.P.E.*, 2006 WL 2417578, at *2. The guardian ad litem plays an "essential role" in termination cases, advocating for the best interest of the child. *Id.*

The primary concern in this case is the best interest of the child. Tennessee Supreme Court Rule 13 mandates that trial courts appoint guardians ad litem for all children who are subject to contested parental termination proceedings. The appointment is not discretionary. *See generally In re Carrington H.*, 483 S.W.3d 507, 534 (Tenn. 2016), *cert. denied sub nom.*; *Vanessa G. v. Tennessee Dep't of Children's Servs.*, 137 S. Ct. 44, 196 L.Ed. 2d 28 (2016) ("[T]he trial court ... appoints an attorney as guardian ad litem for children in parental termination proceedings.") (citing *In re Adoption of D.P.E.*, No. E2005-02865-COA-R3-PT, 2006 WL 2417578, at *2, 3 (Tenn. Ct. App. Aug. 22, 2006) (holding that the requirement that the trial court appoint a guardian ad litem in this situation stems from Rule 13 and is not waivable by the parties)); *In Re Ashton B.*, W2017-00372-COA-R3-PT, 2017 WL 5158746, at *4 (Tenn. Ct. App. Nov. 7, 2016) (holding that Rule 13 mandates the trial courts appoint a guardian ad litem in contested termination proceedings); *Newsome v. Porter*, No. M2011-02226-COA-R3-PT, 2012 WL 760792, at *2 (Tenn. Ct. App. Mar. 7, 2012) (same); *In re Adoption of Gracie M.M.*, No. M2009-01609-COA-R3-PT, 2010 WL 22814, at *1 (Tenn. Ct. App. Jan. 5, 2010) (same); *Lyon v. King*, No. M2007-01156-COA-R3-PT, 2008 WL 490657, at *3 (Tenn. Ct. App. Feb. 22, 2008) (same); *In re A.D.C.*, E2006-00771-COA-R3-PT, 2007 WL 677882, at *1 (Tenn. Ct. App. Mar. 7, 2007) (same).

Our examination of the record reveals a guardian ad litem was appointed; however, she was not present for the trial. The trial court erred in allowing the trial to proceed without the guardian ad litem.[4] This Court has held that:

> The guardian ad litem functions independently of other parties to the proceedings in recognition of the possibility that the child's best interests may not coincide with the interests of all other parties. It is the general duty of the guardian ad litem to undertake any and all legally sanctioned actions consistent with insuring that the child's best interests are protected. In fulfilling this duty, the guardian ad litem must, among other things, interview the other parties and witnesses, review pertinent records, and file and respond to pleadings on the child's behalf. The importance and necessity of a guardian ad litem in a termination case was made clear by the Tennessee Supreme Court in Tenn. S.Ct. R. 13 § 1(d) 2(D).
>
> . . . . Given the important function served by the guardian ad litem, his or her involvement may well have altered the outcome of this case and therefore, we do not deem the failure to appoint a guardian ad litem to be

---

[4] In fairness to the trial judge, the judge thoroughly warned the attorneys that proceeding without a guardian ad litem might be reversible error. After Mother's attorney indicated that Mother was willing to proceed, the judge stated, "Without the guardian ad litem here? And did you tell her that I am required to have one here who's to question the best interest of the child and without one there might be a problem? I mean, you've discussed that with your client[?]"

harmless error.

*In re Adoption of D.P.E.*, 2006 WL 2417578, at *3.

The same reasoning applies in this case.  If the guardian ad litem was present, the overall outcome may have been altered.  The record is devoid of any evidence that would lead this court to know the position of the guardian ad litem.  Aliyah C. was left without representation and without a voice at the most pivotal time during the proceedings.  We therefore find that the absence of the guardian ad litem to represent the best interest of the child at the trial was reversible error.

## IV.  CONCLUSION

For the aforementioned reasons, the decision of the chancery court is vacated and remanded for further proceedings.  Costs of this appeal are taxed equally to the appellant, Heather O., and to the appellees, Saron and James K., for which execution may issue if necessary.

_____
CARMA D. MCGEE, JUDGE