IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 22, 2013 Session

**JAMES BEVELS, SR.**
v.
**ALMA TUBBS AND DANNY TUBBS**
v.
**MID-SOUTH FLOORING, LLC, AND BRANDY BENARD AND DANNY
BENARD, JR., INDIVIDUALLY AND D/B/A MID-SOUTH FLOORING, LLC**

**An Appeal from the Circuit Court for Shelby County
No. CT-000049-10      James F. Russell, Judge**

**No. W2012-02375-COA-R3-CV - Filed November 27, 2013**

This appeal involves removal from general sessions court to circuit court. The defendant
tenants rented residential property from the plaintiff property owner. The owner filed a civil
warrant in general sessions court against the tenants for unpaid rent. The tenants filed an
application in the general sessions court to remove the case to circuit court; they asserted that
the counterclaim they anticipated filing would exceed the jurisdictional limits of the general
sessions court. The general sessions court granted the application for removal, the tenants
filed their counterclaim in the circuit court, and the case proceeded in the circuit court for
over two years. The circuit court then issued a *sua sponte* order directing the parties to show
cause why the case should not be remanded to the general sessions court, because the
removal statute does not apply in that county and because the tenants did not file a cost bond
when the case was removed. The tenants objected to the remand on several grounds and
alternatively asked the circuit court to retain jurisdiction over the counterclaim even if it
remanded the original claim to general sessions court. The circuit court remanded the
original claim to general sessions court holding, *inter alia*, that the tenants failed to file a
proper cost bond in connection with the removal. It then held that the counterclaim and all
other pleadings filed in the case were "null and void" and dismissed the counterclaim on that
basis. The tenants now appeal. We reverse the circuit court's decision that the tenants failed
to file a proper bond, vacate that portion of the circuit court's order declaring that all
proceedings other than the original claim were a nullity, and remand for reconsideration in
light of Rules 13.09 and Rule 42.02 of the Tennessee Rules of Civil Procedure.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed in Part, Vacated in Part, and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Gary K. Smith and Ellen E. Fite, Memphis, Tennessee, for the Defendants/Counter-Plaintiffs/Third-Party Plaintiffs/Appellants, Alma Tubbs and Danny Tubbs

John P. Wade, Memphis, Tennessee, for the Plaintiff/Appellee, James Bevels, Sr.

Kevin D. Bernstein, Memphis, Tennessee, for the Third-Party Defendants/Appellees, Mid-South Flooring, LLC, and Brandy Benard and Danny Benard, Jr., individually and d/b/a Mid-South Flooring, LLC

Robert E. Cooper, Jr., Attorney General & Reporter; William E. Young, Solicitor General; and Joe Shirley, Senior Counsel, for the Attorney General for the State of Tennessee in defense of the constitutionality of Tennessee Code Annotated § 16-15-732(e)

## OPINION

### FACTS AND PROCEEDINGS BELOW

### Background

In November 2007, Defendant/Appellants Alma Tubbs and her husband, Danny Tubbs (collectively "Tenants"), rented residential property from Plaintiff/Appellee James Bevels, Sr. ("Owner").[1]  Almost two years later, on June 9 and 10, 2009, Owner hired Defendant/Appellee Mid-South Flooring, LLC ("Mid-South Flooring") to repair water damage to the wood floors of the property.  In repairing the damage, Mid-South Flooring used a chemical that emitted fumes.  Mr. Tubbs allegedly inhaled the fumes and suffered personal injuries as a result.  Tenants vacated the property in June 2009; they claimed that the dangerous fumes had made the property uninhabitable.   They paid Owner rent through July 2009 and then stopped paying rent.

Despite Tenants' claim that the property had become uninhabitable, Owner continued to hold Tenants responsible for the rent under the parties' lease agreement.  On September 21, 2009, Owner filed a civil warrant against Tenants in the Shelby County General Sessions Court for

---

[1]The parties' lease agreement is not included in the appellate record.

unpaid rent and damage to the property; it sought damages in an unspecified amount "under $25,000." The matter was continued by consent of the parties.

On November 25, 2009, Tenants filed in the General Sessions Court an Application and Affidavit for Removal to Shelby County Circuit Court pursuant to Tennessee Code Annotated § 16-15-732, known as the "removal statute."[2] In the application, Tenants alleged

---

[2]The removal statute provides in relevant part:

> (a) At any time at least three (3) or more business days prior to the scheduled trial date of a civil action commenced in general sessions court, any defendant in the action may apply to have the action and all the papers of the action removed to a court having jurisdiction of appeals from courts of general sessions. A case properly removed pursuant to this section shall be tried by the appellate court in the same manner as appeals from general sessions court civil actions are currently tried, except there shall be no default or other judgment entered at the general sessions level, and except that a case removed pursuant to this section shall not be subject to any monetary jurisdictional limit that would have applied in the general sessions court if the case had not been removed.
>
> (b) Any defendant seeking to remove an action pursuant to subsection (a) shall file with the application an affidavit stating that the defendant has a substantial defense to the action and/or that the defendant's defense will be of such a complex or expensive nature that the interests of justice require that the defendant not be required to present the defense at the general sessions level. The affidavit shall state the grounds of the defense and why the affiant believes it to be sufficiently substantial, complex or expensive to merit the removal of the case. The affidavit and application shall also be accompanied by a cost bond sufficient to defray all costs that have accrued prior to the time application for removal is made.
>
> (c)(1) If the general sessions judge finds that a defendant's defense is substantial, complex or expensive to present, and that the defendant has posted a sufficient cost bond, the judge shall order the action removed to the court that would have jurisdiction of an appeal if the action had been tried in general sessions court. The judge shall direct the clerk to promptly transmit the papers in the action to the clerk of the court to which the action is removed.
>
> (2) If the judge finds the defense will not be substantial, complex or expensive or that the cost bond is not sufficient, the judge shall deny the application and proceed to try the action. ...
>
> (e) This section does not apply in any county having a population of not less than seven hundred seventy thousand (770,000) nor more than seven hundred eighty thousand (780,000), according to the federal census of 1980 or any subsequent federal census.

Tenn. Code Ann. § 16-15-732 (2009).

that removal to Circuit Court was proper because they had a substantial defense to Owner's claim, and because they had suffered personal injuries as a result of the negligence of Owner or the flooring company Owner hired to refinish the floors of the property, later identified as Mid-South Flooring. Tenants indicated in the application that their injuries were so substantial that their claim against Owner and/or the flooring company would exceed the $25,000 jurisdictional limit of the General Sessions Court, and that judicial economy required that the issues be tried together in Circuit Court. *See* Tenn. Code Ann. § 16-15-501 (d)(1) (2009) (establishing jurisdictional limit). Tenants stated in their application that, at the time they filed the application, they posted "a sufficient cost bond." Actually, instead of posting a surety bond, Tenants paid the General Sessions Court clerk $150, as requested by the personnel in the clerk's office.

On December 15, 2009, the General Sessions Court entered an order granting Tenants' application for removal pursuant to the removal statute. In its order, the General Sessions Court noted that Tenants may have a substantial defense to the civil warrant, and that the damages and personal injuries allegedly suffered as a result of Owner's negligence "are so substantial they may exceed the jurisdiction of this Court." The General Sessions Court order stated that the application for removal was granted because judicial economy required that the issues be tried together. It did not address the sufficiency of the cost bond.

**Circuit Court Proceedings**

On June 3, 2010, Tenants filed an answer in Circuit Court. They also filed a counterclaim against Owner and a third-party complaint against Mid-South Flooring and its purported owners, Brandy Benard and Danny C. Benard, Jr., individually and d/b/a Mid-South Flooring. When they filed the counterclaim and the third-party complaint, Tenants paid $325 to the Circuit Court Clerk for court costs. In the counterclaim, Tenants alleged that Owner did not comply with applicable building codes and failed to make repairs necessary to keep the property habitable. Tenants asserted that Owner hired Mid-South Flooring to perform work on the flooring, and that Mid-South Flooring used a chemical on their floors that permeated the house. They alleged that Mr. Tubbs suffered ill effects from inhaling the fumes, including illness and dizziness, and that, as a result, Mr. Tubbs had to go to an urgent care facility and later to a hospital. Tenants averred that they paid rent through July 2009 and gave Owner ample notice that they intended to vacate the property because it had become unsafe and uninhabitable. Tenants claimed that, as a result of the negligence of Owner and Mid-South Flooring, they incurred health care expenses in the amount of $30,000 plus future expenses, and that they suffered property damages of about $12,200 and loss of consortium.

Owner and Mid-South Flooring both filed answers to the counterclaim and third-party complaint that denied liability. Neither raised an issue regarding the subject-matter

-4-

jurisdiction of the Circuit Court or the propriety of the removal of the case from General Sessions Court to Circuit Court. Discovery ensued, and the litigation proceeded in the normal course.

On January 17, 2012, the Circuit Court entered a scheduling order in the matter. The order established deadlines for written discovery, discovery depositions, the designation of expert witnesses, and all expert depositions. The scheduling order required the parties to file all dispositive motions by September 29, 2012.

On February 15, 2012, Owner filed a motion to amend his complaint. The motion stated that Owner sought to make a more definite statement of his claims, to increase the ad damnum "so as not to be limited by the General Sessions jurisdictional cap of $25,000," and to assert a crossclaim against Mid-South Flooring.

### Show Cause Order

On April 9, 2012, almost two and a half years after the case was removed from General Sessions Court, the Circuit Court issued a *sua sponte* show cause order, ordering the parties to appear and show cause why the case "should not be remanded to the General Sessions Court for lack of proper jurisdiction in" the Circuit Court. The Circuit Court indicated that Tenants' application for removal was not accompanied by a cost bond, as is required by Tennessee Code Annotated § 16-15-732(b), and that the General Sessions Court order did not include a specific finding that Tenants had posted a sufficient cost bond. The show cause order also indicated that, in any event, the case was improperly removed because the procedures in the removal statute do not apply in Shelby County, *i.e.*, "any county having a population of not less than 770,000 nor more than 780,000 according to the federal census of 1980 or any subsequent federal census." Tenn. Code Ann. § 16-15-732(e). In light of this, the order directed the parties "to show cause, if any, why the within cause should not be remanded to the General Sessions Court for lack of proper jurisdiction in this Court." The show cause order did not differentiate between the Owner's original claim and Tenants' counterclaim; it simply referred to "the within cause."

On June 6, 2012, Tenants filed a response to the show cause order. Tenants argued that, based on current population statistics, Shelby County is no longer excluded from the removal statute, and in fact "there are now no counties excluded by the statute." Even if Shelby County were excluded by the statute, Tenants argued, "the subsection that excludes Shelby County is unconstitutional . . . ." Despite Tenants' challenge to the constitutionality of the removal statute, they did not give notice to the Attorney General of their constitutional

challenge, as is required by statute. *See* Tenn. Code Ann. § 29-14-107(b).[3] Also in their response, Tenants cited Section 16-15-729, which states: "No case originating in general sessions court and carried to a higher court shall be dismissed by such court for any informality whatsoever but shall be tried on its merits." Finally, Tenants argued that, because the damages exceeded the general sessions jurisdictional limits, the case was subject to transfer from General Sessions Court to Circuit Court pursuant to the "transfer statute," Section 16-1-116.[4] In any event, they asserted, the legislature intended for procedural flaws in an appeal from general sessions court to circuit court to be regarded "with unusual indulgence and with great liberality so that the ends of justice may be reached." *Spencer v. Dixie Fin. Co.*, 327 S.W.2d 301, 303 (Tenn. 1959). For these reasons, they claimed, the Circuit Court should "deem the case to have been properly transferred." Tenants also argued that they had satisfied the bond requirements but suggested that any defect in the bond could be "adequately addressed by specific orders or bond requirements."

On the same date they filed their response to the show cause order, Tenants filed a "Motion to Amend Pleadings and/or to Bifurcate Cause, or, in the Alternative, Petition for Writ of Certiorari." In this motion, Tenants conceded that they did not file a surety cost bond, and that the General Sessions Court order "did not cite that there had been an amount paid

---

[3]That subsection provides:

> (b) In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance, or franchise is of statewide effect and is alleged to be unconstitutional, the attorney general and reporter shall also be served with a copy of the proceeding and be entitled to be heard.

Tenn. Code Ann. § 29-14-107(b) (2012).

[4]That statute provides:

> Notwithstanding any other provision of law or rule of court to the contrary, when an original civil action, an appeal from the judgment of a court of general sessions, or a petition for review of a final decision in a contested case under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, is filed in a state or county court of record or a general sessions court and such court determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer the action or appeal to any other such court in which the action or appeal could have been brought at the time it was originally filed. Upon such a transfer, the action or appeal shall proceed as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred.

Tenn. Code Ann. § 16-1-116 (2009).

sufficient to defray the costs of removal." Tenants stated that they "paid the fees requested by the General Sessions Court Clerk in the amount of $150, which was, indeed, sufficient under the statute . . . ." Tenants further noted that, when they filed their counterclaim, they paid the clerk of the Circuit Court an additional $325, "the full amount that would have been due had this been the original complaint." Tenants pointed out, "The parties have since engaged in significant written discovery and Plaintiff has lately moved for leave to amend to increase his damage prayer to an amount greater than the monetary limit in General Sessions Court." Tenants argued that the Circuit Court "has and should exercise jurisdiction of this cause despite the issue as to the removal statute."

In the alternative, Tenants asked the Circuit Court to bifurcate the original complaint and the counterclaim. They argued that the Circuit Court should retain the counterclaim and re-title it as "Complaint for Personal Injuries." As to the original complaint, Tenants argued that, should it be remanded to General Sessions Court, it would then be transferred back to Circuit Court pursuant to Tennessee Code Annotated § 16-1-116.[5] Thus, Tenants prayed "that the Writ of Certiorari issue to retain this case . . . ."[6]

On June 26, 2012, Owner filed his response to the Circuit Court's show cause order. In his response, Owner essentially adopted the position outlined by the Circuit Court in its show cause order. Owner asserted that the removal statute "clearly and unambiguously states that Defendants' application [must] be accompanied by a cost bond and, in any event, that the statute does not apply in Shelby County." Owner stated that the Circuit Court was "correctly focused on the language of [the removal] statute alone," and he argued that 16-15-729 was inapplicable because the issue was one involving subject matter jurisdiction, and not a mere formality. In addition, Owner argued that Tenants' attempt to rely on Section 16-1-116 (the "transfer statute") and the circuit court's power to grant a writ of certiorari were "misguided as this is not the vehicle that [Tenants] chose for bringing the case before this Court."

Also on June 26, 2012, Owner filed a response to Tenants' motion to amend or bifurcate. Owner argued that the motion should be denied because Tenants had filed an insufficient cost bond and had improperly removed the case based on a statute that did not apply in Shelby County. He argued that the Circuit Court did not have authority to bifurcate issues or allow Tenant to amend pleadings because the Circuit Court "has no jurisdiction over the cause of

_____

[5]Tenants claim in their appellate brief that the case was docketed by the Circuit Court clerk's office as a transfer, not a removal.

[6]On June 18, 2012, after the motion and response to the show cause order were filed, Tenants' current counsel appeared as additional counsel on their behalf.

action." Owner also contended that Tenants originally had the option to file their case in the Circuit Court but chose not to do so, a decision that was fatal to their case. For these reasons, Owner argued that the Circuit Court should deny Tenants' motion to amend and/or bifurcate and hold that it did not have subject matter jurisdiction over the case.

Mid-South Flooring was not a party to the General Sessions proceedings but was named as a defendant in Tenants' third-party complaint. Consequently, it filed a response to the Circuit Court's show cause order, adopting the arguments made by Owner in response to Tenants' filings. Mid-South Flooring reiterated Owner's position that the removal statute is inapplicable in Shelby County and that, even if applicable, Tenants failed to comply with the statutory cost bond requirements.

### Circuit Court Decision

On June 29, 2012, the Circuit Court held a hearing on its show-cause order in which the court announced that it would decide the issues based only on the parties' briefs, without oral argument. In the hearing, the Circuit Court rendered an oral ruling in favor of Owner and Mid-South Flooring. The Circuit Court decided to remand Owner's original complaint to the General Sessions Court, holding that the removal statute is inapplicable in Shelby County, and that Tenants did not file a cost bond that complied with the removal statute. As to the remaining pleadings, such as Tenants' counterclaim and third-party complaint, the Circuit Court held, "[W]ithout initial jurisdiction, all pleadings documented in this court are to be deemed null and void." The Circuit Court noted that Tenants had not given notice to the Attorney General that they planned to challenge the constitutionality of the statute, but nevertheless went on to comment on the merits of Tenants' argument: "[T]his method of localizing statutes application has withstood multiple challenges as to constitutionality over the years." It also held that the transfer statute did not apply in this case. Based on its conclusion that it lacked subject matter jurisdiction, the Circuit Court denied Tenants' motion to amend and/or bifurcate because "there is no basis for this Court to entertain any motion even if properly brought. . . . [T]he motion is rendered not only void but moot." The Circuit Court added that the motion to amend and/or bifurcate was "a complete and absolute nullity" because it was not signed by counsel for Tenants.[7]

On August 8, 2012, before the Circuit Court entered a written order, Tenants filed a "Notice to Attorney General of Challenge as to Constitutionality of Tenn. Code Ann. § 16-15-732 and Request for Suspension of Proceedings Pending Response From Attorney General."

---

[7]The Circuit Court also held that any request for the motion to be treated as a petition for writ of certiorari must be denied, because "the procedure [of bringing a motion for writ of certiorari, rather than a petition] is completely flawed . . . ."

-8-

On September 17, 2012, the Circuit Court entered a written order consistent with its June 2012 oral ruling. The order incorporated by reference a transcript of its earlier oral ruling. The Circuit Court order remanded Owner's original complaint to the General Sessions Court and held that Tenants' counterclaim and third-party complaint were "legal nullities." On the same day, the Circuit Court issued an order denying Tenants' request to stay the proceedings pending a response from the Attorney General.

The next day, on September 18, 2012, once the case was remanded to General Sessions Court, Owner filed a notice of voluntary nonsuit in the General Sessions Court. The effect of Owner's voluntary nonsuit was to deprive Tenants of any avenue for seeking legal recourse for their damages, as any subsequent independent lawsuit would have been untimely.

Tenants now appeal the Circuit Court's two orders entered on September 17, 2012, wherein the trial court remanded the original claim and dismissed all other proceedings as a "nullity" and denying the request for a stay.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

Tenants list the following as the issues presented on appeal:

> 1. Whether the Circuit Court erred in its order of September 17, 2012, remanding the original cause of action and deeming the counterclaim and third-party complaint void for lack of subject-matter jurisdiction?

> 2. Whether the Circuit Court erred in its order of September 17, 2012, denying their request to stay the proceedings pending a response from the Attorney General?

The pivotal issues in this appeal involve the trial court's decisions regarding its subject matter jurisdiction. Whether a court has subject matter jurisdiction over a case is a question of law, which we review *de novo*, with no presumption of correctness in the trial court's decision. ***Morgan Keegan & Co. v. Smythe***, 401 S.W.3d 595, 602 (Tenn. 2013); ***Schutte v. Johnson***, 337 S.W.3d 767, 769 (Tenn. Ct. App. 2010).

ANALYSIS

## Cost Bond

We address first the trial court's holding that it lacked subject matter jurisdiction because Tenants failed to file a sufficient cost bond when the case was removed from the General Sessions Court to the Circuit Court. At the time the trial court entered its order, this Court's decision in *Bernatsky v. Designer Baths & Kitchens, LLC* had not yet been issued**,** and the trial court apparently relied on a memorandum opinion that was overruled in *Bernatsky,* namely, *University Partners Development v. Bliss,* No. M2008-00020-COA-R3-CV, 2009 WL 112571 (Tenn. Ct. App. Jan. 14, 2009) (memorandum opinion).[8] *See Bernatsky v. Designer Baths & Kitchens, LLC*, No. W2012-00803-COA-R3-CV, 2013 WL 593911, at \*19 n. 21 (Tenn. Ct. App. Feb. 15, 2013). In *Bernatsky*, this Court specifically held that a cash bond to secure the costs of an appeal, such as the cash bond paid by Tenants in the case at bar, was sufficient to fulfill the requirement of a cost bond. *Id.* at \*19. We find nothing in the appellate record to suggest that the amount of the cash bond paid by Tenants was insufficient to comply with Tennessee Code Annotated § 16-15-732. Under these circumstances, we must respectfully hold that the trial court erred in holding that it lacked subject matter jurisdiction because Tenants "failed to comply with bond requirements set forth in T.C.A. § 16-15-732(b) and (c)(1)."

## Remaining Issues

On appeal, Tenants argue that the Circuit Court erred in "remanding the original cause of action and deeming the counterclaim and third-party complaint void for lack of subject-matter jurisdiction." Expanding on this issue in their appellate briefs, Tenants make the following sub-arguments:

- Subsection (e) of the removal statute (exempting Shelby County) is unconstitutional
- The legislative history of the removal statute shows that there was no rational basis for the legislature's attempt to carve out an exemption for Shelby County from the application of the statute
- Population bracket legislation and other "local" legislation such as that used in the removal statute has been found unconstitutional in Tennessee
- Alternatively, if the removal statute is constitutional, Shelby County is not excluded on the face of the legislation based on subsequent federal census

---

[8] An opinion designated as a "memorandum opinion" "shall not be published, and shall not be cited or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

figures, which indicate that Shelby County now has a population of more than 780,000

- The Circuit Court had exclusive jurisdiction over the case because the amount in controversy came to exceed the jurisdictional limit of the General Sessions Court, so remanding the original complaint and dismissing the counterclaim was improper
- The case was subject to transfer from General Sessions Court to Circuit Court pursuant to the transfer statute, Section 16-1-116, and so jurisdiction was proper
- The Circuit Court should have deemed the case to have been properly removed in light of the clear legislative intent expressed in Section 16-15-729 and to serve the ends of justice.

In addition to the arguments made in their briefs, at oral argument, Tenants asserted that, even if the Circuit Court acted properly in remanding the *original* claim to General Sessions Court, it should have retained jurisdiction over the counterclaim pursuant to Rule 13 of the Tennessee Rules of Civil Procedure. They noted the undisputed fact that the Circuit Court had subject matter jurisdiction to hear the substance of the counterclaim, a typical personal injury action. By remanding the original claim and holding that the counterclaim was a nullity, Tenants argued, the Circuit Court threw "the baby out with the bath water." Tenants conceded that Rule 13 was not specifically cited in their appellate briefs in support of their overall argument that the trial court erred in deeming Tenants' counterclaim and third-party complaint void. Nevertheless, counsel for Tenants asserted at oral argument that "Rule 13 says that the counterclaim survives. . . . It's that simple." Tenants maintain that, if this Court agrees with this position, then the other issues are moot.[9] Tenants characterize their other arguments as "alternative" arguments in the event that their position on the application of Rule 13 is rejected.

Owner and Mid-South Flooring (collectively, "Appellees") dispute the arguments made in Tenants' appellate briefs. They insist that the removal statute is constitutional, that it applies to Shelby County notwithstanding the more recent census figures, and that the Circuit Court properly remanded the original claim and held that the counterclaim was null and void. They argue that the case was not subject to transfer under Section 16-1-116, and that lack of subject matter jurisdiction is not a "formality" to which Section 16-15-729 applies. As to Tenants' Rule 13 argument, Appellees contend that they are disadvantaged by the fact that Rule 13 was not cited by Tenants in their appellate briefs in

---

[9]Tenants said specifically that, if this Court accepts their argument that the Circuit Court should have retained jurisdiction over the counterclaim, then they were "not even going to talk about constitutionality . . . . We don't care about the rest of" the issues raised on appeal.

-11-

support of their argument that the trial court erred in dismissing the counterclaim and third-party complaint as void. They note that Tenants did not specifically appeal the Circuit Court's refusal to bifurcate the original action and the counterclaim, nor did they include in their appellate brief the argument made in the trial court below, that the counterclaim should have remained in Circuit Court after a remand of the original lawsuit. Appellees asserted that Tenants' Rule 13 argument was "not even a restatement of the issues [raised in the briefs], . . . and those issues should have been brought [in the briefs]."[10]

Tenants' overarching issue of whether the Circuit Court erred in dismissing their counterclaim and third-party complaint as void does, indeed, implicate Rules 42.02 and 13.09 of the Tennessee Rules of Civil Procedure. Rule 42.02 of the Tennessee Rules of Civil Procedure provides:

> The court for convenience or to avoid prejudice may in jury trials order a separate trial of any one or more claims, cross-claims, counterclaims, or third-party claims, or issues on which a jury trial has been waived by all parties. For the same purposes the Court may, in nonjury trials, order a separate trial of any one or more claims, cross-claims, counterclaims, third-party claims, or issues.

Tenn. R. Civ. P. 42.02. Rule 13.09 in turn refers to Rule 42; Rule 13.09 provides that when a court separates claims under Rule 42, a judgment may be rendered on a counterclaim even if the original claim from which it was separated is dismissed, so long as the court had subject matter jurisdiction over the claim:

> If the court orders separate trials as provided in Rule 42, judgment on a counterclaim or cross-claim may be rendered in accordance with the terms of Rule 54 when the court has jurisdiction to do so, even if the claims of the opposing party may have been dismissed or otherwise disposed of.

---

[10]After oral argument in this cause, Tenants filed a motion in this Court to allow additional briefing on the effect of Rules 42.02 and 13.09 of the Tennessee Rules of Civil Procedure on the trial court's decision to dismiss Tenants' counterclaim and third-party complaint. They conceded that Rules 42 and 13 were not specifically cited in their appellate briefs, but argued that the record shows that the Circuit Court denied their motion to amend and/or bifurcate the claims, and that on appeal they challenge the totality of the Circuit Court's ruling. In response, the Appellees argued that Tenants' motion should be denied as untimely and an attempt to present arguments that were waived on appeal. In light of our ruling herein, Tenants' motion is denied.

Tenn. R. Civ. P. 13.09.  The advisory commission comment following Rule 13.09 discusses the interplay between these rules.  It explains that "Rule 42 empowers the court, in order to avoid inconvenience or prejudice to a party, to order separate trials of one or more cross-claims, counterclaims, etc.," while "Rule 13.09 empowers the court to enter judgment on a cross-claim or counterclaim, even though the claims of the opposing party have been already disposed of."  Tenn. R. Civ. P. 13.09 advisory comm'n comment.

The Appellees quite properly contend that Tenants should be precluded from making an argument on appeal based on Rules 42 and 13 of the Tennessee Rules of Civil Procedure where those rules were not cited to the trial court and were not specified in their appellate briefs.  Tennessee Rule of Appellate Procedure 13(b) provides that our "[r]eview generally will extend only to those issues presented for review."  Tenn. R. App. P. 13(b).  We have routinely held that issues not raised in the appellate brief, or even issues that are not fully developed or supported by legal authority or citation to the record, are waived on appeal.[11]  *See Newcomb v. Kohler Co.*, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006) (holding that the failure "to cite to any authority or to construct an argument regarding [a] position on appeal" constitutes a waiver of the issue); *Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000) ("Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue."); *see also Brown v. Shtaya*, No.  W2012-00875-COA-R3-CV, 2013 WL 836949, at *5 n.7 (Tenn. Ct. App. Mar. 6, 2013) (citing *Newcomb*, 222 S.W.3d at 401).

Nevertheless, Rules 13(b) and 36(a) of the Tennessee Rules of Appellate Procedure "give appellate courts considerable discretion to consider issues that have not been properly presented in order to achieve fairness and justice."  *McLemore ex rel. McLemore v. Elizabethton Med. Investors, Ltd. P'ship*, 389 S.W.3d 764, 792 (Tenn. Ct. App. 2012) (citing *Heatherly v. Merrimack Mut. Fire Ins. Co.*, 43 S.W.3d 911, 916 (Tenn. Ct. App. 2000) (citing *Aaron v. Aaron*, 909 S.W.2d 408, 412 (Tenn. 1995))); *see also Pearson v. Ross*, No. W2011-00321-COA-R3-CV, 2011 WL 6916194, at *5 (Tenn. Ct. App. Dec. 28, 2011).  Rule 13(b) first states the general rule that appellate review normally extends "only to those issues presented for review," but then goes on to provide that the appellate court "may in its discretion consider other issues in order, among other reasons: (1) to prevent needless litigation, (2) to prevent injury to the interests of the public, and (3) to prevent prejudice to the judicial process."  Tenn. R. App. P. 13(b).  Similarly, Rule 36(a)

---

[11]We have also held that, where an argument is not included in the "Statement of the Issues" section of the appellate brief, the issue is waived, even if an argument is included in the "Argument" section of the brief. *See Rutherford v. Rutherford*, No. M2012-01807-COA-R3-CV, 2013 WL 1928542, at *4 n. 5 (Tenn. Ct. App. May 7, 2013).

provides that an appellate court "may grant any relief, including the giving of any judgment and making of any order," so long as the relief granted is not "in contravention of the province of the trier of fact." Tenn. R. App. P. 36(a). This Court has explained: "When considered together, these rules allow appellate courts to grant relief to the parties as long as they have been given fair notice and an opportunity to be heard on the dispositive issues." *Heatherly*, 43 S.W.3d at 916.

In this appeal, we exercise our discretion to consider Rules 13.09 and 42.02 of the Tennessee Rules of Civil Procedure for several reasons. First, we consider the procedural posture of the case. The case was filed in the General Sessions Court as a typical claim for past-due rent. In an effort to promote judicial economy, Tenants applied for removal to Circuit Court because the damages to be sought in the counterclaim they anticipated filing would exceed the General Sessions Court's jurisdictional limits.[12] This was done well within the limitations period under the applicable statute of limitations. Owner did not object to removal, the General Sessions Court granted the removal application, and Tenants then filed a timely counterclaim for personal injuries in Circuit Court, which has jurisdiction over such claims. Thus there was no reason for Tenants to file a separate action in the Circuit Court, because the dispute with Owner was already pending in that court. The case proceeded in the normal course for over two years before the Circuit Court filed its *sua sponte* order suggesting that the case was improperly removed. By this time, the statute of limitations on Tenants' counterclaim had long expired, so after the Circuit Court dismissed the counterclaim and Owner quickly nonsuited the claim that was remanded to General Sessions Court, Tenants were precluded from seeking recourse in either General Sessions Court or Circuit Court.

In addition, we consider the manner in which the issue of improper removal was raised and adjudicated in the trial court below. If the trial court believes that its subject matter jurisdiction is open to question, it is of course entirely proper for it to raise the issue to the parties *sua sponte* and permit them to address the issue. This is precisely what the trial court below did in this case. However, while the trial court gave the parties an opportunity to brief the issues as succinctly described in the show cause order, they were given no opportunity to argue in the hearing, perhaps because the trial court understandably perceived that the cost bond issue was determinative. At any rate, this course of events likely had an effect on the development of the issues and arguments, and it informs our decision to consider the arguments on Rules 13.09 and 42.02.

---

[12]As an alternative to utilizing the removal statute, Tenants could have filed a counterclaim in the General Sessions Court and then filed a motion to have the case transferred to the Circuit Court in light of the amount of damages sought in the counterclaim.

Moreover, the language in the trial court's show cause order indicated to the parties that the trial court was treating the entire case, including the counterclaim and the third-party complaint, as one "cause." In raising the issue of subject matter jurisdiction *sua sponte*, the order does not indicate that the trial court considered whether it could retain the counterclaim after the original claim was remanded. To the contrary, the order indicates that the trial court was under the impression that it did not have jurisdiction to do so. Even after Tenants filed a motion to bifurcate the original claim and the counterclaim, the trial court denied the motion without hearing oral argument on the issue, again perhaps because it perceived that the alleged improper cost bond precluded it from retaining any portion of the case.

We recognize that Tenants did not cite Rules 13 and 42 of the Tennessee Rules of Civil Procedure to the trial court below. However, "[i]t is incumbent upon the courts to apply the controlling law, whether or not cited or relied upon by either party." **Haynes v. Rutherford County**, 359 S.W.3d 585, 588 (Tenn. Ct. App. 2011) (quoting **Nance by Nance v. Westside Hosp.**, 750 S.W.2d 740, 744 (Tenn. 1988)); **GRW Enters., Inc. v. Davis**, 797 S.W.2d 606, 612 n.5 (Tenn. Ct. App. 1990); **see also Johns v. Johns**, No. W2013-01102-COA-R3-CV, 2013 WL 6050939, at *5 (Tenn. Ct. App. Nov. 15, 2013). This is perhaps even more imperative where the issue being considered is raised *sua sponte* by the court. In this case, the Circuit Court did not apply the controlling law. Rule 42.02 permits separation of the counterclaim from the original complaint in order "to avoid prejudice," and Rule 13.09 permits the Circuit Court to render a judgment in the separate lawsuit, even when the original lawsuit is dismissed. So the Circuit Court had the authority to separate the actions and to retain jurisdiction over the counterclaim, but it erred as a matter of law in holding that it did not have this authority. We must conclude that the Circuit Court committed plain error in holding that Tenants' counterclaim and third-party complaint were "null and void" and in failing to consider whether to separate the claims and retain jurisdiction over them under Rules 13.09 and 42.02.

We recognize a strong preference embodied in the Tennessee Rules of Civil Procedure for cases stating a valid legal claim to be decided on their merits. **Jones v. Prof'l Motorcycle Escort Serv., L.L.C.**, 193 S.W.3d 564, 572 (Tenn. 2006) ("The Tennessee Rules of Civil Procedure are intended 'to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties.' ") (quoting **Karash v. Pigott**, 530 S.W.2d 775, 777 (Tenn. 1975)); **see also Norton v. Everhart**, 895 S.W.2d 317, 320 (Tenn. 1995); **Patton v. Dixon**, 58 S.W. 299, 301 (Tenn. 1900). However, at this juncture, we refrain from holding that the trial court was *required* to retain Tenants' counterclaim. Rule 42.02 does not mandate that the trial court must separate a counterclaim from the original claim, but rather gives it the discretion to do so "for convenience or to avoid prejudice." Tenn. R. Civ. P. 42.02. Rule 13.09

permits the Circuit Court to render a judgment in the separate counterclaim, even when the original lawsuit is dismissed. Because it perceived that it lacked subject matter jurisdiction, the trial court below did not make a discretionary decision for us to review on appeal. Therefore, we must vacate the trial court's decision insofar as it held that all proceedings other than the original claim were a "nullity," and we remand to the Circuit Court in order to give that court the opportunity to exercise the discretion afforded it under Rules 42.02 and 13.09. We have the authority to "grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires and may grant any relief" that is "not in contravention of the province of the trier of fact."[13] Tenn. R. App. P. 36(a) & advisory comm'n comment ("This subdivision makes clear that the appellate courts are empowered to grant whatever relief an appellate proceeding requires. In addition, this subdivision states that the appellate court should grant the relief to which a party is entitled.").

Thus, we hold that the Circuit Court erred in holding that Tenants' counterclaim and third-party complaint were "null and void," and in disregarding Rules 42.02 and 13.09. In the interest of justice, we vacate this portion of the Circuit Court's September 17, 2012 order and remand the case to the Circuit Court with directions to give the parties a full opportunity to be heard on all relevant issues.

## CONCLUSION

Thus, we reverse the Circuit Court's holding that Tenants failed to file a proper bond, and we vacate that portion of the Circuit Court's September 17, 2012 order declaring that all proceedings other than the original claim were null and void. As indicated by Tenants at oral argument, this holding pretermits all other issues raised in this appeal.[14] We

---

[13]That subsection provides:

> The Supreme Court, Court of Appeals, and Court of Criminal Appeals shall grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires and may grant any relief, including the giving of any judgment and making of any order; provided, however, relief may not be granted in contravention of the province of the trier of fact. Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.

Tenn. R. App. P. 36(a).

[14]If the Circuit Court retains jurisdiction over Tenants' counterclaim, there may be no need for the Circuit Court to address whether the removal statute is applicable in Shelby County, Tennessee or whether the
(continued...)

-16-

specifically note that our holding herein does not address the propriety of the trial court's remand of the original claim, so that portion of the order remains intact.[15]

The decision of the trial court is reversed in part and vacated in part as set forth above, and the case is remanded for further proceedings consistent with this opinion. Costs on appeal are to be taxed one-half to Plaintiff/Appellee James Bevels, Sr., Third-Party Defendant/Appellee Mid-South Flooring, LLC, and Brandy Benard and Danny Benard, Jr., Individually and d/b/a Mid-South Flooring, LLC; and one-half to Defendants/Appellants Alma Tubbs and Danny Tubbs, and their surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[14](...continued)
removal statute is unconstitutional. If, however, the Circuit Court declines to adjudicate the counterclaim, then Tenants may again raise any of these issues in light of the Circuit Court's decision.

[15]Owner did not challenge the Circuit Court's decision to remand the original claim to the General Sessions Court.